IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB, INC., UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ACTAVIS LABORATORIES UT, INC., | ) ) ) |
| Defendants. | |

C.A. No. _____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs UCB, Inc., UCB Pharma GmbH, and LTS Lohmann Therapie-Systeme AG (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendant Actavis Laboratories UT, Inc. ("Actavis" or "Defendant"), and hereby allege as follows:

## NATURE OF THE ACTION

1.      This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, arises from Defendant's submission of Abbreviated New Drug Application ("ANDA") No. 206348 to the United States Food and Drug Administration ("FDA"). Through this ANDA, Defendant seeks approval to market generic versions of the pharmaceutical product Neupro® prior to the expiration of United States Patent No. 10,130,589 ("the '589 Patent"). Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

## THE PARTIES

2.      Plaintiff UCB, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1950 Lake Park Drive, Smyrna, Georgia 30080.

3.      Plaintiff UCB Pharma GmbH ("UCB Pharma") is a corporation organized and existing under the laws of the Federal Republic of Germany, having an office and place of business at Alfred Nobel Strasse 10, 40789 Monheim, Germany.

4.      Plaintiff LTS Lohmann Therapie-Systeme AG ("LTS") is a corporation organized and existing under the laws of the Federal Republic of Germany, having an office and place of business at Lohmannstrasse 2, 56626 Andernach, Germany.

5.      On information and belief, Defendant Actavis Laboratories UT, Inc., formerly known as Watson Laboratories, Inc., is a corporation organized and existing under the laws of the State of Delaware, having places of business at 575, 577, and 579 Chipeta Way, Salt Lake City, Utah 84108.

## JURISDICTION AND VENUE

6.      This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the '589 Patent. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this district pursuant to 28 U.S.C. §1400.

7.      This Court has personal jurisdiction over Defendant Actavis and venue is proper in this judicial district because, *inter alia*, Actavis is incorporated in the State of Delaware.

## PLAINTIFFS' PATENT AND APPROVED NEUPRO® DRUG PRODUCT

8.      Plaintiffs make and sell Neupro® (Rotigotine Transdermal System), a treatment for the signs and symptoms of idiopathic Parkinson's disease ("PD") and moderate-to-severe Restless Legs Syndrome ("RLS"). PD affects movement, producing motor symptoms such as tremor, slowed movement, rigidity, and postural instability. PD can also cause neuropsychiatric disturbances, including disorders of speech, cognition, mood, behavior, and thought. RLS is characterized by uncomfortable or odd sensations in a person's limbs, which cause an irresistible urge to move the body for temporary relief.

9.      Neupro® is the first FDA-approved product containing rotigotine, a synthetic dopamine agonist. In PD, neurodegeneration results in the loss of dopamine-producing neurons and reduced activity within certain dopaminergic pathways, and restoring activity to these systems with a dopamine agonist such as rotigotine may improve the clinical signs of PD. Rotigotine is also called (6S)-6-{propyl[2-(2-thienyl)ethyl]amino}-5,6,7,8-tetrahydro-1-naphthalenol; or (-)-5,6,7,8-tetrahydro-6-[propyl-[2-(2-thienyl)ethyl]amino]-1-naphthalenol, and has the following formula:

10.     Neupro® is also the first FDA-approved transdermal treatment for PD. Neupro® is a transdermal system that provides continuous delivery of rotigotine for 24 hours following

3

application to intact skin. The product is a thin, matrix-type transdermal system composed of three layers: a backing film, drug matrix, and protective liner. The liner protects the drug matrix during storage and is removed just prior to application. Neupro® is approved and marketed in six different strengths: 1 mg/24 hours, 2 mg/24 hours, 3 mg/24 hours, 4 mg/24 hours, 6 mg/24 hours and 8 mg/24 hours.

11.    Neupro®'s transdermal delivery of rotigotine has been shown to provide stable plasma levels of rotigotine over 24 hours, which may prevent or reduce long-term motor complications and motor fluctuations that are associated with unstable or fluctuating dopaminergic stimulation. Neupro® also offers other advantages. For example, by delivering drug via transdermal application, Neupro® bypasses gastrointestinal complications that may be associated with PD. In addition, Neupro®'s once-daily formulation for 24 hours of treatment may improve early morning and nighttime symptoms of PD, as well as patient compliance.

12.    Plaintiff UCB, Inc. is the holder of New Drug Application ("NDA") No. 021829 for Neupro® (1 mg/24 hours, 2 mg/24 hours, 3 mg/24 hours, 4 mg/24 hours, 6 mg/24 hours, and 8 mg/24 hours). FDA initially approved NDA No. 021829 in May 2007, for the treatment of signs and symptoms of early stage idiopathic PD. Following manufacturing and process changes to address product stability, and following additional clinical trials, in April 2012, FDA approved a new formulation of Neupro® for additional indications, *i.e.*, for the treatment of the signs and symptoms of advanced stage idiopathic PD, and for the treatment for moderate-to-severe RLS. In its April 2012 approval of Neupro®, FDA granted Neupro® three years of regulatory exclusivity pursuant to 21 C.F.R. 314.108.

13.    In 2014, Plaintiffs brought suit against Actavis for infringement of certain Orange Book listed patents, including U.S. Patent No. 6,884,434 ("the '434 Patent"), based on the filing

4

of the Actavis ANDA and the accompanying Paragraph IV certification. *See UCB, Inc., UCB Manufacturing Ireland Limited, UCB Pharma Gmbh, and LTS Lohmann Therapie-Systeme AG, v. Watson Laboratories, Inc. and Actavis Laboratories UT, Inc.*, C.A. No. 14-1083 (LPS) (SRF) (*Actavis I*). In *Actavis I*, Plaintiffs added a claim for infringement of U.S. Patent Nos. 8,232,414 ("the '414 Patent"). *Actavis I* went to trial in June 2017 on the '434 and '414 Patents. This Court found that the '434 Patent was infringed and not invalid, but that the '414 Patent was invalid. *Actavis I* is currently pending on appeal. *See UCB, Inc. v. Watson Laboratories Inc.*, Appeal No. 18-1397.

14.     On November 20, 2018, the United States Patent and Trademark Office duly and lawfully issued the '589 Patent, entitled "Polyvinylpyrrolidone for the Stabilization of a Solid Dispersion of the Non-Crystalline Form of Rotigotine." A true and correct copy of the '589 Patent is attached as Exhibit A.

15.     The '589 Patent is co-owned by UCB Pharma and LTS.

16.     The '589 Patent, among other patents (collectively the "Neupro® Listed Patents"), is listed in the *Approved Drug Products With Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for Neupro®.

**DEFENDANT'S ANDA**

17.     Defendant is the current owner of ANDA No. 206348 ("Actavis ANDA") submitted by Defendant's predecessor in interest, Watson Laboratories, Inc. ("Watson") to FDA under 21 U.S.C. § 355(j), to obtain approval to engage in the commercial manufacture, use or sale of a Rotigotine Transdermal System (1 mg/24 hours, 2 mg/24 hours, 3 mg/24 hours, 4 mg/24 hours, 6 mg/24 hours, and 8 mg/24 hours) ("ANDA Products"), as purported generic

versions of Neupro®, prior to the expiration of the Neupro® Listed Patents, including the now listed '589 Patent.

18.    On or about July 8, 2014, Watson sent Plaintiffs a "Notification of Certification for U.S. Patent Nos. 6,699,498; 6,884,434; 7,413,747; 8,246,979; 8,246,980 and 8,617,591 pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act" ("2014 Notice Letter"). The 2014 Notice Letter represented that Watson had submitted to FDA the Actavis ANDA and a purported Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the Actavis ANDA before the expiration of the Neupro® Listed Patents.

19.    On or about February 20, 2019, Defendant Actavis sent Plaintiffs a "Notice of ANDA No. 206348 Rotigotine Extended-release Transdermal Film, 1 mg/24 hr, 2mg/24 hr, 3 mg/24 hr, 4 mg/24 hr, 6 mg/24 hr and 8 mg/24 hr With Paragraph IV Certification Concerning U.S. Patent No. 10,130,589" ("'589 Notice Letter"). The '589 Notice Letter represents that Actavis is the owner of the Actavis ANDA submitted to FDA and has filed a Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the Actavis ANDA before the expiration of the '589 Patent.

20.    On information and belief, if FDA approves the Actavis ANDA, Actavis will manufacture, offer for sale, and sell the ANDA Products within the United States.

21.    On information and belief, if FDA approves the Actavis ANDA, Actavis will actively induce or contribute to the use, offer for sale, or sale of the ANDA Products in the United States.

22.    This action is being brought pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty-five days of Plaintiffs' receipt of the '589 Notice Letter.

## CLAIM FOR INFRINGEMENT OF THE '589 PATENT

23.     Plaintiffs restate, reallege, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

24.     On information and belief, Defendant is the owner of the Actavis ANDA, the Actavis ANDA has been submitted to FDA, and Actavis continues to seek FDA approval of the Actavis ANDA.

25.     Defendant has infringed the '589 Patent under 35 U.S.C. § 271(e)(2)(A) by maintaining the Actavis ANDA, submitting a Paragraph IV certification and seeking FDA approval of the Actavis ANDA prior to the expiration of the '589 Patent.

26.     Defendant's commercial manufacture, offer for sale or sale of the ANDA Products would directly infringe, and would actively induce and contribute to infringement of the '589 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of the Actavis ANDA, Defendant will make, offer to sell, or sell the ANDA Products within the United States and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '589 Patent.

27.     Defendant has actual knowledge of the '589 Patent, and is aware that maintaining the ANDA with the request for FDA approval prior to the expiration of the '589 Patent would constitute an act of infringement of the '589 Patent.  In the '589 Notice Letter, Actavis did not contest its infringement of the '589 Patent.  Actavis has no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Products will not infringe, contribute to the infringement of, or induce the infringement of the '589 Patent.  In addition, Actavis has maintained the Actavis ANDA without adequate justification for asserting the '589 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use,

offer for sale, or sale of the ANDA Products.  Actavis's conduct in certifying invalidity with respect to the '589 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

28.     Plaintiffs will be irreparably harmed if Defendant is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '589 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)     The entry of judgment, in favor of Plaintiffs and against Defendant, that Defendant, through its maintenance of the Actavis ANDA seeking to market the ANDA Products, has infringed the '589 Patent under 35 U.S.C. § 271(e)(2)(A);

(B)     The entry of judgment, in favor of Plaintiffs and against Defendant, declaring that the making, using, selling, offering to sell of the products for which approval is sought in the Actavis ANDA, or inducing or contributing to such conduct, would constitute infringement of the '589 Patent by Defendant pursuant to 35 U.S.C. §§ 271(a), (b) and (c);

(C)     The entry of a permanent injunction, enjoining Defendant and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliate companies, other related business entities, and all other persons acting in concert, participation, or in privity with Defendant, and its successors or assigns, from infringing, inducing infringement of, and contributing to the infringement of any claims of the '589 Patent by making, using, selling, or offering for sale the ANDA Products in the United States;

8

(D)     The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any approval of the Actavis ANDA shall be a date that is not earlier than the expiration date of the '589 Patent, or any later period of exclusivity to which Plaintiffs are or may become entitled;

(E)     The entry of judgment declaring that Defendant's acts render this case an exceptional case, and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

(F)     An award to Plaintiffs of their costs and expenses in this action; and

(G)     Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com
araucci@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

James S. Trainor, Jr.
Kevin X. McGann
Catherine M. McCord
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY  10010
(212) 430-2600

Peter C. Richardson
Traci Medford-Rosow
RICHARDSON & ROSOW LLC
147 East 37th Street
New York, NY  10016
(646) 449-9055

March 6, 2019

9